**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ANITA KRECIC**                                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:20-cv-00210-KHJ-LGI**

**STEVE PICKETT, ET AL.**                                           **DEFENDANTS**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court for a report and recommendation on the *Motion for Summary Judgment* [41] filed by Defendants Steve Pickett, Butch Townsend, Nehemiah Flowers, Betty Jones, Kathy Henry, and Commissioner Pelicia Hall on February 18, 2022. Plaintiff filed a Response in Opposition on March 4, 2022. *See* Doc. [43], [44], and [45]. Defendants filed a Reply in Support on March 11, 2022. *See* Doc. [46]. Having considered the submissions, the record, and relevant law, the undersigned recommends that Defendants' *Motion for Summary Judgment* [38] be GRANTED. The undersigned finds that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The undersigned also concludes that Defendants Steve Pickett, Butch Townsend, Nehemiah Flowers, Betty Jones, Kathy Henry, and Commissioner Pelicia Hall are entitled to sovereign immunity for the official capacity claims, absolute immunity for the individual liability claims and dismissal of the claims against them.

I.    **Relevant Procedural History**

Plaintiff Anita Krecic, a postconviction inmate in the custody of the Mississippi Department of Corrections, brought the instant case *pro se* and *in forma pauperis* for violations of civil rights pursuant to 42 U.S.C. § 1983. Plaintiff filed suit against Defendants Steve Pickett, Butch Townsend, Nehemiah Flowers, Betty Jones, Kathy Henry, and Commissioner Pelicia Hall, who are/were employees of the Mississippi Department of Corrections ("MDOC") or members of

the Mississippi Parole Board ("MPB"). Plaintiff's Complaint was filed in Rankin County Circuit

Court on October 23, 2019. Doc. [1-1]. Defendants removed the lawsuit to this Court and filed

their Answer on March 27, 2020. Doc. [4]. Plaintiff's complete allegations are set forth in her

Complaint and were augmented by her sworn testimony at a *Spears*[1] hearing before the United

States Magistrate Judge on July 24, 2020, as written in the Court's Omnibus Order:

> According to Plaintiff, she was convicted of accessory to murder on April 28, 1988, and sentenced to life "with parole consideration at ten years." She filed a civil action against the MPB eight years ago, and it was dismissed. She filed this Complaint in the Rankin County Circuit Court to challenge the January 30, 2019 MPB decision denying her parole. Defendants removed the case to this Court. According to Plaintiff, she has been arbitrarily dealt 26 set-off years by the MPB since her 1997 initial parole eligibility date. She sues the MPB and its Board members making claims of retaliation and violation of her equal protection rights. According to Plaintiff, MPB has discriminated against her by paroling other similarly situated African American lifers; other similarly situated male lifers; and, other similarly situated female lifers. Further, Plaintiff charges that the MPB refuses to acknowledge the mandatory wording in its own policy and the 2014 parole law that provides one with a constitutionally protected liberty interest. Plaintiff contends that an inaccurate portrayal of her participation in her crime has spurred the MPB's discrimination against her.

Doc. [25].

Defendants have been sued in their official [2] [3] and individual capacities, and Plaintiff has

requested both injunctive relief and compensatory damages from Defendants. In the instant *Motion*

---

1. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2  Regarding the official capacity claims against Steve Pickett, Butch Townsend, Nehemiah Flowers, and Kathy Henry, they are no longer members of the Parole Board. Jeffery Belk, James Cooper, Betty Lou Jones, Anthony Smith, and Marlow Stewart are now the proper parties for the official capacity claims. Thus, pursuant to Fed. R. Civ. P. 25(d), Jeffery Belk, James Cooper, Betty Lou Jones, Anthony Smith, and Marlow Stewart are automatically substituted as Defendants in the place of Pickett and Flowers. *See* Fed. R. Civ. P. 25(d)(1). When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party…").

3  Pelicia Hall is no longer the Commissioner of MDOC. On June 16, 2020, Nathan "Burl" Cain was confirmed by the Senate as the new Commissioner for MDOC. Pursuant to Fed. R. Civ. P. 25(d) Cain is automatically substituted as a Defendant in the place of Hall for the official capacity claim.

[41], Defendants move for summary judgment based on sovereign immunity for the official capacity claims and absolute quasi-judicial immunity and qualified immunity for the individual liability. Defendants also submit that Plaintiff's claims cannot proceed under Section 1983 because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Finally, Defendants submit that Plaintiff's claim for compensatory damages is barred by the physical injury requirement of the Prison Litigation Reform Act ("PLRA").

## II.    Standard

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, Civil Action No. 5:03-cv-241-BN, 2005

U.S. Dist. LEXIS 43286, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

The nonmovant is not required to respond to the motion until the movant properly supports its motion with competent evidence. *Russ v. Int'l Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991), cert. denied, 503 U.S. 987, 112 S. Ct. 1675, 118 L. Ed. 2d 393 (1992). In the event the moving party has made an affirmative showing that it is entitled to summary judgment, the burden shifts to the non-moving party to come forward with evidence that creates a genuine issue for trial. *Celotex*, 477 U.S. at 330. In deciding a motion for summary judgment, the Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## III. Analysis

Defendants move for dismissal on the grounds that they are entitled to sovereign immunity for the official capacity claims and absolute quasi-judicial immunity and qualified immunity for

the individual liability claims. Defendants also submit that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and the physical injury requirement of the Prison Litigation Reform Act ("PLRA").

### A.    *Heck v. Humphrey*

Defendants argue that *Heck v. Humphrey* bars Plaintiff's § 1983 claims and, therefore, mandates dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a § 1983 damage claim that calls into question the lawfulness of conviction or confinement—or otherwise demonstrates the invalidity of the conviction or confinement—is not cognizable under § 1983 until such time as the plaintiff is able to prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In this case, Plaintiff suggests that the members of the parole board violated her constitutional rights by not allowing Plaintiff parole. Plaintiff has not demonstrated that her conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477. To the extent Plaintiff

seeks to argue that her parole opportunity has been constitutionally defective, Plaintiff is barred by *Heck v. Humphrey*. "*Heck* prohibits a plaintiff from using a § 1983 suit to challenge the validity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated." *Daigre v. City of Waveland*, 549 F. App'x 283, 286 (5th Cir. 2013). Thus, the undersigned finds that Plaintiff's claims are barred by *Heck v. Humphrey,* and recommends that her claims be dismissed with prejudice.

**B.    Sovereign Immunity**

Defendants next urge that the doctrine of sovereign immunity entitles them to dismissal of any official capacity claims Krecic asserted against them. The Eleventh Amendment to the United States Constitution bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. U.S. CONST. AMEND. XI; *Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001); *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605, (1999). Congress did not abrogate Eleventh Amendment immunity in enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). Mississippi has not waived its Eleventh Amendment immunity. MISS. CODE ANN. § 11-46-5(4) ("nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Eleventh Amendment immunity from suit for monetary damages protects not only the state, but also state agencies deemed to be "an arm of the state," and employees of such agencies who are sued in their official capacities. *See Am. Bank and Tr. Co. of Opelousas v. Dent*, 982 F.2d 917,

6

921 (5th Cir. 1993) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ("suit against a state official in his or her official capacity ... is no different from a suit against the State itself."). MDOC and MPB are arms of the State of Mississippi and are protected from suit by the Eleventh Amendment. *See Williams v. Miss. Dept. of Corr.*, Civil Action No.: 3:12-cv-259-CWR-FKB, 2012 U.S. Dist. LEXIS 78410, 2012 WL 2052101, at *1-2 (S.D. Miss. June 6, 2012); *Dandridge v. Miss.*, Civil Action No.: 2:08-cv-229-KS-MTP, 2009 U.S. Dist. LEXIS 122040, 2009 WL 4940105, at *7 (S.D. Miss. Dec. 14, 2009).

Defendants, as employees of MDOC and/or members of the MPB, are protected by sovereign immunity from Krecic's § 1983 monetary damage claims against them in their official capacities. The damages relief sought falls into the category of suits barred by state sovereign immunity — "a suit by private parties seeking to impose liability which must be paid from public funds in the state treasury." *Fontenot v. McCraw*, 777 F.3d 741, 753 (5th Cir. 2015) (quoting *Edelman*, 415 U.S. at 663).

Plaintiff also seeks injunctive relief against Defendants. *See* Doc. [5] at 2. However, any prospective injunctive relief sought from the members of the parole board is "in essence just a challenge to [her] conditions of parole" that should be properly pursued in a habeas proceeding. *Woods*, 239 F. App'x 35, 37 (5th Cir. 2007) (per curiam); *see also Holmes v. Owens*, Civil Action No. 3:10-CV-1828-N-BH, 2010 U.S. Dist. LEXIS 133679 2010 WL 5184251 (N.D. Tex. Nov. 10, 2010). Likewise, any challenge to the constitutionality of Plaintiff's conditions of release should also be pursued in a habeas proceeding. *See Coleman v. Dretke*, 395 F.3d 216, 219 n.2 (5th Cir. 2004) (rejecting argument that challenge to constitutionality of parole conditions should have been brought under 42 U.S.C. § 1983 instead of habeas statute). Because Plaintiff has

7

stated    no    viable §    1983 claim    for injunctive relief,    her    request    for prospective injunctive relief should be dismissed. For these reasons, the Court finds the Defendants are immune from suit under § 1983 in their official capacities and recommends that such claims be dismissed with prejudice.

## C.    Absolute Immunity

Defendants argue that Plaintiff's claims against them should be dismissed because they are absolutely immune from suit. "Courts employ a 'functional' test to determine whether officials are entitled to absolute immunity and look to the 'nature of the function performed, not the identity of the actor who performed it.'" *Brown*, 1997 U.S. Dist. LEXIS 4854, 1997 WL 162155, at *3 (*quoting Forrester v. White*, 484 U.S. 219, 227-29, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988)) (citing Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995)). "The Fifth Circuit has held that parole board members are absolutely immune when performing adjudicative, decision-making functions as opposed to administrative functions for which they are entitled to only qualified immunity." Id. (citing *Hulsey*, 63 F.3d at 356).

Although the Supreme Court has not expressly extended absolute immunity to parole board members, "the Court has noted with approval that 'federal appellate courts have so held.'" *Hulsey*, 63 F.3d at 356 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200-01, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985)). "Most circuits now hold that 'parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole.'" *Id.* (quoting *Walrath v. United States*, 35 F.3d 277, 281 (7th Cir. 1994)); accord *Hunter v. Rodriguez*, 73 Fed. Appx. 768, 2003 WL 22070516, at *1-2 (5th Cir. 2003).

"For over thirty years, the Fifth Circuit has recognized that executive officials are entitled to absolute immunity from suit for their roles in the quasi-judicial functions that pertain to the administration of a state's parole system." *Moore v. Stiles*, 2004 U.S. Dist. LEXIS 29672, No. CV-0173-P, 2004 WL 578589, at *1 (N.D. Tex. Feb. 27, 2004) (Solis, J.). The Fifth Circuit first addressed this issue in *Cruz v. Skelton*, 502 F.2d 1101 (5th Cir. 1974), by holding that members of the Texas Board of Pardons and Paroles were entitled to absolute immunity from suit for their roles in deciding whether to release a prisoner on parole. *Id.* at 1102. This holding was extended by *Farrish v. Mississippi State Parole Bd.*, 836 F.2d 969 (5th Cir. 1988), in which the Fifth Circuit held that state executive officials are entitled to absolute immunity for their roles in both granting and revoking an individual's parole. *Id.* at 973-76.

The Fifth Circuit broadened the shield of absolute immunity once more in *Johnson v. Kegans*, 870 F.2d 992 (5th Cir. 1989), stating that "those individuals who function before the [Parole] Board in the same capacity as a prosecutor, witness, or probation officer . . . enjoy absolute immunity." *Id.* at 997. Under these precedents, hearing and parole officers are entitled to absolute immunity from suit for their roles in granting, enforcing, and revoking parole.

Defendants are entitled to absolute immunity for their roles, as hearing and parole officers with the Parole Board, in disallowing Krecic's parole. Because absolute immunity renders a defendant immune not just from liability, but from suit, *Hulsey*, 63 F.3d at 356; *Boyd*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)), Krecic can prove no set of facts in support of her claim which would entitle him to relief.

9

Because the Court finds that the individual capacity claims against Defendants should be dismissed under the doctrine of absolute immunity, the Court declines to address Defendant's alternative argument regarding qualified immunity. The Fifth Circuit has "repeatedly held that parole board members are absolutely immune when performing their adjudicative functions, distinguishing such decision-making activities from administrative functions for which parole board members are entitled to only qualified immunity. *Hulsey v. Owens*, 63 F. 3d 354, 356-57 (5th Cir. 1995); *see also, e.g., Walter v. Torres*, 917 F.2d 1379, 1383 (5th Cir. 1990) (finding parole board members absolutely immune and reiterating that "defendant's immunity depends on function, not on identity"). Likewise, the Court declines to address Defendant's alternative argument regarding the physical injury requirement of the Prison Litigation Reform Act ("PLRA") because the Court finds that the Defendants are entitled to sovereign immunity for the official liability and absolute immunity for the individual liability and dismissal of the claims against them.

## **RECOMMENDATION**

The *Motion for Summary Judgment* [41] filed by Defendants Steve Pickett, Butch Townsend, Nehemiah Flowers, Betty Jones, Kathy Henry, and Commissioner Pelicia Hall should be GRANTED and this action should be DISMISSED with prejudice.

## **NOTICE OF RIGHT TO OBJECT**

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and  recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1428-29* (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

SO ORDERED this the 26th day of May, 2022.

 /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE